# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THE HUNTINGTON NATIONAL BANK,

        Plaintiff,

v.

LANCASTER HOLDINGS, LLC, et al.,

        Defendants.

Case No. 18-11020
Hon. Terrence G. Berg

## ORDER REMANDING REMAINING STATE LAW CLAIMS TO OAKLAND COUNTY CIRCUIT COURT

On May 29, 2018 parties stipulated to dismissal of all claims against the United States of America in this mortgage foreclosure case. Dkt. 12. Per that stipulation the only remaining claims are state law claims against Defendants other than the United States. Dkt. 12 at Pg ID 77.

When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir.1996); *see also* 28 U.S.C. § 1367(c)(3) (stating

1

that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it ha[d] original jurisdiction").

There are circumstances where a district court should retain supplemental jurisdiction even if all of the underlying federal claims have been dismissed: for example, if a party appears to be engaging in forum manipulation by dismissing a federal law claim, parties have completed discovery, and/or where dispositive motions are ripe for review. *See Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195 (6th Cir.2004)(finding all these factors weighed in favor of retaining supplemental jurisdiction).

Because none of these factors are present here, and the parties have stipulated that the only remaining claims arise from state law, the court will **REMAND** this action to the Oakland County Circuit Court.

**SO ORDERED.**

Dated: June 14, 2018     s/Terrence G. Berg
                                           TERRENCE G. BERG
                                           UNITED STATES DISTRICT JUDGE

**Certificate of Service**

    I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 14, 2018.

                                s/A. Chubb
                                Case Manager